IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAIQUAN BENSON | : | NO. 25-87 |

**FINDINGS OF FACT**
**AND CONCLUSIONS OF LAW**

**NOW**, this 18th day of November, 2025, after a hearing at which I had the opportunity to observe the demeanor of the witnesses and to evaluate their credibility, I make the following findings of fact and conclusions of law:

*Findings of Fact*

1. On January 9, 2025, at 5:38 p.m., Philadelphia Police Officers Abdel Kanan and Leo Breslin were on routine patrol in an unmarked police vehicle.

2. At the intersection of Frankford Avenue and Foulkrod Street, Kanan observed a male dressed in black and wearing a ski mask inside a convenience store and another man, known to him as the defendant, exiting the store.

3. That location was a high crime area marked by robberies, drugs, and homicides.

4. Kanan pulled the vehicle onto the pavement in front of the store.

5. The defendant approached the vehicle and walked in front of it.

6. Breslin alighted from the vehicle and entered the store, passing the defendant.

7. Kanan, who had previous interactions with the defendant, asked him if he had a gun.

8. The defendant replied, "Aw man," and ran west on Foulkrod Street.

9. Kanan ran after the defendant who was holding his right hand over his pocket.

10. During the foot chase, Kanan saw the defendant remove a gun from his pocket.

11. Kanan knew the defendant did not have a license to carry a firearm and was prohibited from possessing one because he had felony convictions.

12. Kanan eventually caught the defendant and took him to the ground.

13. As they went to the ground, the defendant tossed the gun under a parked car.

14. Another officer recovered the gun.

15. Kanan placed the defendant under arrest.

16. While in custody, the defendant was swabbed for DNA.

17. At no time, did the officers give the defendant instructions or orders before he ran and tossed the gun.

18. The officers did not stop or restrain the defendant before he ran.

19. The officers issued no commands.

20. The defendant's fleeing after having been asked if he had a gun in a high crime area and his prior firearm convictions gave Kanan reasonable suspicion which was elevated to probable cause when he saw the gun in the defendant's hand.

***Conclusions of Law***

1. The defendant was not seized by the police before he ran.

2. The police did not display a show of authority before the defendant ran.

3. Officer Kanan had reasonable suspicion that criminal activity was afoot.

4. The police had probable cause to arrest the defendant.

<u>    /s/ Timothy J. Savage</u>
TIMOTHY J. SAVAGE, J.